UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHRISTOPHER ROSS WESTFALL,

    Petitioner,

 v.

STATE OF WASHINGTON,

    Respondent.

CASE NO. 3:19-CV-5817-RBL-DWC

ORDER TO SHOW CAUSE OR AMEND

  The District Court has referred this action to United States Magistrate Judge David W. Christel. On September 3, 2019, Petitioner Christopher Ross Westfall, a pre-trial detainee housed at Lewis County Jail, filed a proposed federal habeas Petition pursuant to 28 U.S.C. § 2241. Dkt. 1. Petitioner also filed an Application to Proceed *In Forma Pauperis*, which contained deficiencies. *See* Dkt. 1-4. On October 4, 2019, Petitioner filed a corrected Application to Proceed *In Forma Pauperis*. Dkt. 5, 6.

  The Court has reviewed the Petition. The Petition appears moot and unexhausted, and it is inappropriate for the Court to intervene in this case. Therefore, the Court directs Petitioner to file a response to this Order or an amended pleading by November 29, 2019.

**I.     Background**

In the Petition, Petitioner contends his jurisdictional and due process rights have been violated related to his pending state criminal proceedings arising from Thurston County, Washington. Dkt. 8. Petitioner requests the Court dismiss the criminal case pending against him. *Id*.

**II.    Discussion**

A. *Moot*

Petitioner's claims arise from his state criminal proceedings in Thurston County, Washington. *See* Dkt. 8. Petitioner is no longer in custody in Thurston County, and is being detained in the Lewis County Jail. *See* Dkt. 6-1. A pretrial detainee is not a "person in custody pursuant to the judgment of a State Court" within the meaning of § 2254(a); however, habeas corpus jurisdiction arises pursuant to 28 U.S.C. § 2241(c)(3), for prisoners whose custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

For a federal court to have jurisdiction over a case, there must be an actual case or controversy at the time the case is decided. *See Preiser v. Rodriguez*, 422 U.S. 475, 401 (1973) (citations omitted) ("The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed."). If a party seeking relief cannot obtain the requested relief, that claim is moot and must be dismissed for lack of jurisdiction. *Ruvalcaba v. City of L.A.,* 167 F.3d 514, 521 (9th Cir. 1999).

Here, Petitioner challenges his physical confinement in the Thurston County Jail. Dkt. 8. However, as Petitioner is no longer being detained in the Thurston County Jail, it is unclear if the criminal charges from Thurston County are still pending. Thus, Petitioner must show cause why this case should not be dismissed for lack of jurisdiction. *See Ayala v. Presiding Judge of*

*Superior Court of California Cty. of San Bernardino*, 2014 WL 2608130, at *3 (C.D. Cal. May 5, 2014), *report and recommendation adopted*, 2014 WL 2608125 (C.D. Cal. June 10, 2014).

B. Exhaustion

"[A] state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971). Petitioner's claims will be considered exhausted only after "the state courts [have been afforded] a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Although there is no exhaustion requirement mandated by 28 U.S.C. § 2241(c)(3), the Ninth Circuit Court of Appeals has held exhaustion is necessary as a matter of comity unless special circumstances warrant federal intervention prior to a state criminal trial. *Carden v. Montana*, 626 F.2d 82, 83-84 (9th Cir. 1980); *see Younger v. Harris*, 401 U.S. 37 (1971). Petitioner fails to show he exhausted state court remedies by presenting federal constitutional or statutory claims to the Washington State trial and appellate courts regarding the ongoing criminal proceedings against him. *See* Dkt. 8. Petitioner has also not shown special circumstances warrant federal intervention in this case. Therefore, Petitioner must show cause why this case should not be dismissed for failure to exhaust state remedies.

C. *Younger* Abstention

Petitioner's case may also be inappropriate in federal court under the *Younger* abstention doctrine. Under *Younger*, abstention from interference with pending state judicial proceedings is

appropriate when: "(1) there is 'an ongoing state judicial proceeding'; (2) the proceeding 'implicate[s] important state interests'; (3) there is 'an adequate opportunity in the state proceedings to raise constitutional challenges'; and (4) the requested relief 'seek[s] to enjoin' or has 'the practical effect of enjoining' the ongoing state judicial proceeding." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (quoting *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014)). Federal courts, however, do not invoke the *Younger* abstention if there is a "showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982).

First, Petitioner is a pre-trial detainee with ongoing state proceedings. Second, as these proceedings involve a criminal prosecution, they implicate important state interests. *See Kelly v. Robinson*, 479 U.S. 36, 49, (1986); *Younger*, 401 U.S. at 43-44. Third, Petitioner has failed to allege facts showing he has been denied an adequate opportunity to address the alleged constitutional violations in the state court proceedings. Last, Petitioner raises claims that would effectively enjoin the ongoing state judicial proceeding. As the *Younger* abstention applies to Petitioner's claims, Petitioner must show cause why this case should not be dismissed under *Younger*.

      D. Consolidation

The Court notes Petitioner has two additional lawsuits, filed pursuant to § 2241, pending in this Court. *See Westfall v. State of Washington*, 3:19-cv-5818-RJB-TLF; *Westfall v. State of Washington*, 3:19-cv-5819-BHS-JRC. It appears all three cases are related to his current state criminal proceedings. Thus, Petitioner is directed to show why this Court should not consolidate all three cases.

### III. Instructions to Petitioner and the Clerk

If Plaintiff intends to pursue this § 2241 habeas action, he must file response to this Order and an amended petition on the form provided by the Court. The amended petition must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended petition will act as a complete substitute for the Petition, and not as a supplement.

The State of Washington is not properly named as a respondent because it is not the custodian of the Thurston County Jail. *See* 28 U.S.C. § 2242 (proper respondent to a habeas petition is the "person who has custody over" the petitioner). If Petitioner files an amended petition, he must name the proper respondent.

If Plaintiff fails to adequately address the issues raised herein or file an amended pleading on or before November 29, 2019, the undersigned will recommend dismissal of this action.

The Clerk is directed to provide Petitioner with the forms for filing a petition for habeas corpus relief pursuant to 28 U.S.C. § 2241.

Dated this 30th day of October, 2019.

David W. Christel
United States Magistrate Judge